# Demmert v. Wissahickon School District (No. 1)

*Stephen R. Signore, Jr.,* for plaintiff.
*Michael Peale,* for defendant.

BROWN, *J.*, January 2, 1980—By a majority vote the Board of School Directors of the Wissahickon School District passed the following resolution on December 3, 1979: "That all active, regular Wissahickon School District employees shall receive a $300 temporary lump sum payment, prorated, based on full time continuing employment as of January 4, 1980, and that said temporary lump sum payment is to be made on January 4, 1980." This action was taken in recognition of the diminishing value of the dollar particularly in the purchase of basic necessities. It is expected by the board that increased revenue due to "unusually high interest rates" on the district's short-term investments will cover the payment to the employes without an increase in taxes.

Plaintiffs, taxpayers of the school district, filed a complaint in equity on December 12, 1979 seeking to enjoin the disbursing of moneys to implement that resolution. Simultaneously, a petition for preliminary injunction was filed by them claiming immediate and irreparable harm would be suffered by them and other similarly situated taxpayers should a restraining order not issue before January 4, 1980. A hearing on the preliminary injunction petition was held on December 28, 1979.

Section 1152 of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11-1152, is statutory authority for the payment of school funds beyond those budgeted for temporary increases in salaries.

"In addition to the salaries provided for by this act, the board of directors of each school district is hereby authorized to grant temporary or emergency increases in salaries to members of its teaching or supervisory staff for any period, and to discontinue such increases at the end of the period for which the same were granted, any law to the contrary notwithstanding. In order to pay the amount of salary hereby provided for, the board of school directors of any school district may revise its budget by increasing its appropriation or appropriations for salaries of members of the teaching and supervisory staffs of the school district for any year. The funds therefor shall be provided from unexpended balances in existing appropriations, from unappropriated revenue, if any, or from temporary loans. . . ."

A search of the school code reveals no statutory authority apart from section 1152 for such pay-

ment. Furthermore, section 610 of the code of 1949, 24 P.S. §6-610, states that the expenditure of school district funds for any purpose "not provided in this act" is illegal, thereby signaling in explicit language that no funds may be disbursed without express statutory authority.

The remedy for unauthorized payments is a surcharge against the directors voting for it. Section 2406 of the same act provides: ". . . Any school order issued in any other manner or for any other purpose than herein authorized shall, if paid, be disallowed by the auditors, and charged against the person or persons voting for or approving the same. . . ."

The resolution of December 3 goes beyond the limits of section 1152. It encompasses "all active, regular Wissahickon School District employees," not the "teaching or supervisory staff" of section 1152. Since there is no rational method by which to sever the valid from the invalid in the resolution, it must fall in its entirety.

The scourge of inflation is, of course, felt no less (and perhaps more) by those employes of the district outside the purview of section 1152 as those within its reach. But it is not the function of this court to ignore clear statutory language to correct what may be viewed by many as an inequity. That is a political matter and as such the domain of the legislature. If section 1152 is viewed by that body to be unfair in its impact on school district employes when implemented by school boards, the remedy lies in an amendment to the act.

The damage which would flow from the payment of moneys pursuant to the resolution would be immediate and irreparable. Immediacy is obvious; payment is to be made in 48 hours. There is no

realistic prospect of recovering the moneys from the 400 or so intended payees, and a surcharge in excess of $25,000 on each of the board members who voted for the resolution is an illusory remedy. The other criteria by which to measure the propriety of issuing a preliminary injunction are also present; that is, greater injury will be done by refusing it than by granting it: Zebra v. School District of the City of Pittsburgh, 4 Pa. Commonwealth Ct. 642, 287 A. 2d 870 (1972). If after final hearing this court is found to be in error, payment pursuant to the resolution can then be made.


## ORDER


And now, January 2, 1980, defendants, the Wissahickon School District and Robert Moore, Phyllis Catz, Richard Thornton, Jacqueline Shulman, Theodore Thompson, James Woods, Robert Russell, Donald Richwagen and Robert Correnty, Directors of the Wissahickon School Board, are enjoined temporarily and until final hearing from disbursing funds of the district in accordance with the resolution of December 3, 1979. This injunction is effective immediately but shall dissolve without further order of the court if plaintiffs fail to post security in the sum of $1,000 with the prothonotary of this court by 4:00 p.m., Thursday, January 3, 1980, in accordance with Pa.R.C.P. 1531(b)(1) or (2).